# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF MISSISSIPPI
### OXFORD DIVISION


**DEVIN CORTEZ WARD**                                               **PLAINTIFF**


**V.**                                              **CIVIL ACTION NO.-3:19-CV-6-DAS**


**COMMISSIONER OF SOCIAL SECURITY**                          **DEFENDANT**


## <u>FINAL JUDGMENT</u>


This cause is before the court on the claimant's complaint for judicial review of an

unfavorable final decision by the Commissioner of the Social Security Administration.  The

parties have consented to entry of final judgment by the United States Magistrate Judge under

the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth

Circuit.  The court, having reviewed the administrative record, the briefs of the parties, and the

applicable law and having heard oral argument, finds as follows, to-wit:

The court finds the decision is not supported by substantial evidence.  The claimant is a

paranoid schizophrenic, and there is no dispute about the accuracy of this diagnosis.  He also

suffers from an affective disorder and alcohol and cannabis abuse.  He has undergone extensive

treatment over a period of years including several extended hospitalizations as a result.

The administrative law judge (ALJ) found that he had moderate limitations in 1)

understanding, remembering, and applying information; 2) interacting with others; 3)

concentration, persistence and pace, when not on medication; and 4) in adapting and managing

himself.  The ALJ then found Ward could perform simple repetitive activities when he was compliant with his medication.

To make these findings the ALJ explained he relied on the report of a state disability determination service (DDS) psychologist instead of the opinion of a treating nurse practitioner. This psychologist reviewed admittedly extensive records finding that the "allegation of psychotic symptoms appear fully credible," but also found Ward's drug and alcohol abuse was material. This psychologist opined Ward "appears capable of maintaining attention and concentration for 2-hour periods in an 8-hour workday and completing simple and some detailed work tasks."  She concluded: "In the absence of DAA (drug and alcohol abuse) he appears capable of RRT (routine repetitive tasks) …."

In newer records not reviewed by the DDS evaluators, the treating psychiatric nurse practitioner found that Ward's profound mental problems continued substantially unabated despite testing that showed his drug and alcohol abuse were in remission.  This treating source opined Ward had poor functional ability in his activities of daily living, social functioning, and concentration, persistence and pace.  She found he would have poor ability to remember work procedures, understand remember and carry out short, simple instructions, sustain a work routine without special supervision, work with or near others without being unduly distracted, make simple work-related decisions, deal appropriately with supervisors, or complete a normal workday without interruptions from psychological symptoms.  This nurse practitioner also noted that Ward suffered from chronic mental illness with mood instability.

The fact that Ward's mental problems persisted despite the remission of his substance abuse problems undermines the earlier opinion of the DDS psychologist that Ward's substance

abuse was material.  Consequently, considering this later evidence the court finds the DDS

opinion is not substantial evidence to support the denial of benefits.

In a related issue the claimant argues that the ALJ erred when he denied his request for a

consultative examination (CE) in this case, and the court agrees.  The decision to order a CE is

addressed to the discretion of the ALJ and depends on whether the ALJ believes a CE is

necessary to decide the issue of disability *vel non*.  To prevail on this issue the plaintiff must

show that the failure to order the CE prejudiced their case.  *Brock v. Chater*, 84 F.3d. 727, 728

(5th Cir. 1996).  Prejudice is shown if the CE "could and would have adduced evidence that

might have altered the result."  *Kane v. Heckler*, 731 F. 2d 1216,1220 (5th Cir. 1984).

In this case, the ALJ declined to order the CE because "there is opinion evidence in the

file from a treating source, so I don't believe a CE is necessary for this case."  The only opinion

evidence from a treating source was from the psychiatric nurse practitioner.  The ALJ decided to

give the NP's opinions some but not great weight.   Given that nurse practitioners were not

acceptable medical sources under then existing regulations, the failure to credit the opinions is

not error.  But the ALJ used the existence of the NP medical opinions, which were made with

knowledge of the critical later remission of drug and alcohol abuse, as a basis for denying the

CE.  The ALJ then failed to credit that opinion, obtain a CE from an acceptable medical source,

or recontact the DDS psychologist to see if her opinion would be altered by the later records.  In

so doing the ALJ failed to develop the record.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** as follows:

1.  The decision of the Commissioner is reversed because it is not supported by

substantial evidence.  The case is remanded to the Commissioner for further consideration.

2.  The Commissioner is directed to obtain a mental health consultative examination on

the claimant as part of this reconsideration.

**SO ORDERED AND ADJUDGED,** this the 18th day of March, 2020.


**/s/ David A. Sanders**
**U.S. MAGISTRATE JUDGE**